UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINONSO OHUCHE,<br><br>         Plaintiffs,<br><br>vs.<br><br>AUTOVEST, L.L.C.,<br><br>         Defendant. | No. 2:21-CV-06376-JAK (PVCx)<br><br>**JUDGMENT**<br><br>**JS-6** |

**JUDGMENT IS HEREBY ENTERED** as follows:

1.  This Final Judgment incorporates the Settlement Agreement, and unless otherwise defined herein, the terms used herein shall have the meanings ascribed to them in the Settlement Agreement.

2.  The Court has jurisdiction over the subject matter of this litigation and over all Parties to the Action, including all Settlement Class Members.

3.  This action is certified as a class action, for settlement purposes only.

4.  The Settlement Class, provisionally certified by the Court in its Preliminary Approval Order, is hereby certified under Federal Rules of Civil Procedure 23(c) and (e) for settlement purposes only. The Settlement Class is defined as Plaintiff and all other persons: (a) who entered into a retail installment contract in California which was secured by a motor vehicle, (b) who within four years preceding

1

the filing of this action through March 31, 2022 were issued a Statutory Notice by defendant Autovest, L.L.C.; and (c) against whom Autovest assessed a Deficiency Balance. Excluded from the Settlement Class is any person who is deceased, who has filed for bankruptcy without a dismissal of the bankruptcy case, and/or against whom Autovest has obtained a court judgment for a Deficiency Balance prior to March 31, 2022.

5. The Settlement Class meets the requirements for class certification for settlement purposes for the following reasons:

  (a) the Settlement Class is so numerous that joinder of all members is impracticable;

  (b) questions of law or fact common to the issues to be reviewed in connection with the settlement predominate over the questions affecting only individual members for the purpose of implementing the settlement in accordance with the Settlement Agreement;

  (c) Plaintiff's claims are typical of the claims of the Settlement Class as a whole;

  (d) Plaintiff and Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Settlement Class;

  (e) certification of the Settlement Class for settlement purposes is superior to other available methods for the fair and efficient adjudication of the issues before the Court at this time; and

  (f) manageability issues do not prevent certification because there will be no trial.

6. Individual notice, given by mail to each Settlement Class Member at updated mailing addresses, has been completed in conformity with the Preliminary Approval Order. Said notice was the best notice practicable under the circumstances

and fully complied with the requirements of the Federal Rules of Civil Procedure and due process of law.

7. The Settlement Agreement is the product of arm's length negotiations between the Plaintiff and Autovest, and the terms thereof are fair, reasonable, adequate and in the best interests of all Parties, including the Settlement Class.

8. The Settlement Agreement should be implemented and consummated in accordance with its terms. To the extent already implemented by the Parties, such implementation is hereby approved and ratified by the Court.

9. Autovest, by operation of state law, shall not take any further steps to collect any amounts purportedly owed by any Settlement Class Member.

10. Upon the date of this Final Judgment, Plaintiff and all Settlement Class Members, and their respective heirs, executors, administrators, representatives, agents, attorneys, successors, predecessors-in-interest and assigns, shall be deemed to have jointly and severally released and forever discharged the Released Parties from any and all Released Claims.

11. The terms of the Settlement Agreement and this Final Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Settlement Class Members. The Court hereby bars and enjoins: (i) all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Settlement Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Settlement Class Member, based upon or asserting any of the Released Claims; and (ii) all Settlement Class Members, and all persons acting on behalf of or in concert or participation with such Settlement Class Members, from bringing a class action or seeking to certify a class which includes such Settlement Class Members, in any lawsuit based upon or asserting any of the Released Claims.

12. No Settlement Class Member has timely submitted a request for exclusion.

13. No Settlement Class Member has timely and properly objected to the settlement or the Settlement Agreement.

14. There is no just reason for delay and the entry of this Final Judgment expressly is hereby directed. This Final Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter judgment thereon. In the event that this Final Judgment is appealed, its mandate will automatically be stayed until and unless this Final Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

15. Attorney's fees and reimbursement of expenses to Class Counsel in the amount of $60,000.00 is hereby approved as fair and reasonable, and Autovest shall make such payment in accordance with the terms of the Settlement Agreement.

16. A service award of $3,000.00 to the Class Representative is hereby approved as fair and reasonable, and Autovest shall make such payment in accordance with the terms of the Settlement Agreement.

17. The Administrator will pay as *cy pres* the residue of any uncashed checks distributed, pursuant to the Settlement Agreement to Public Counsel.

18. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Judgment shall be rendered null and void, and be vacated, and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void.

19. The Parties are directed to carry out their obligations under the Settlement Agreement.

20. The Court reserves jurisdiction to assure compliance with all terms of the Settlement Agreement and this Final Judgment. The Court hereby sets a compliance hearing date of April 8, 2024, at a time to be set when the calendar for that date is

finalized. At least five court days prior thereto, the Administrator shall file a declaration stating it has complied with all terms of the Settlement Agreement and distribution is complete.

21. Class Counsel shall serve a copy of this Final Judgment on the Administrator within three court days of receipt.

**IT IS SO ORDERED.**

November 21, 2023
Date

John A. Kronstadt
United States District Judge